IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jenghiz Kn Stewart,

            Petitioner,

v.

Charles L Ryan, et al.,

            Respondents.

No. CV-18-00247-PHX-GMS (JZB)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Jenghiz Stewart has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION.**

In 2013, Petitioner was released on probation following a 17-year term of imprisonment. (Doc. 11-1, Ex. C.) Subsequently, Petitioner violated his probation, had his probation revoked, and was sentenced to a 10-year term of imprisonment. (Doc. 11-1, Ex. E, at 99-103.) Here, Petitioner alleges his sentence for violating probation was disproportionate, his probation should not have been revoked, the petition to revoke probation was an act of "vindictive prosecution," there were no justifiable grounds for the revocation, the superior court was biased, and he was deprived of a fair hearing. (Doc. 1 at 6-11.) The Court concludes that Petitioner waived his right to bring a vindictive

prosecution claim and his remaining claims fail. The Court will recommend the Petition be denied and dismissed with prejudice.

## II.     BACKGROUND.

### A.     Plea and Sentencing.

On April 13, 1998, Petitioner pleaded guilty to one count of sexual conduct with a minor and one count of attempted molestation of a child. (Doc 11-1, Ex. B, at 13.) Before entering into the plea agreement, Petitioner acknowledged that he understood the guilty plea would subject him to a prison term ranging from 17 to 20 years for Count One, and lifetime probation for Count Two.[1] (*Id.* at 13, 16.) Petitioner further acknowledged that if he violated any condition on his probation the court could sentence him to a prison term ranging from 5 to 15 years for Count Two. (*Id.* at 16.) On July 31, 1998, the superior court sentenced Petitioner. (Doc. 11-1, Ex. C, at 23.)

On May 11, 2013, Petitioner completed his prison term and was placed on probation. (Doc. 11-1, Ex. D, at 28.) On August 1, 2014, during a probation-revocation hearing, Petitioner admitted he failed to submit to urinalyses. (Doc. 11-1, Ex. E, at 99.) Petitioner acknowledged that his admission could subject him to a prison term of 5 to 15 years and he was waiving various constitutional rights by admitting the violation, including the right to appeal the result of the hearing. (*Id.* at 99-100.) The superior court imposed the presumptive 10-year term of imprisonment. (*Id.* at 103.)

### B.     Post-Conviction Relief Proceedings.

On March 25, 2015, Petitioner filed his first Notice of Post-Conviction Relief (PCR), alleging the same six claims he raises in his Writ of Habeas Corpus. (Doc. 11-1, Ex. G, at 123.) Petitioner was appointed counsel, but counsel concluded there were no issues to present for PCR relief. (Doc. 11-1, Ex. I, at 131.) On July 5, 2016, Petitioner filed a pro-per petition for PCR. (Doc. 11-1, Ex. K.) On August 26, 2016, the superior court

---

[1]Petitioner's term of lifetime probation was subsequently reduced to a five-year term pursuant to the Arizona Supreme Court's decision in *State v. Peek*, 195 P.3d 641 (Ariz. 2008), which held that that lifetime probation for attempted child molestation was illegal under the statute in effect at the time of Petitioner's crimes.

dismissed his PCR petition after finding that his claims lacked merit and no material issue of fact or law would entitle him to relief. (Doc. 11-2, Ex. N, at 62.) Petitioner appealed the dismissal to the Arizona Court of Appeals, which affirmed the superior court's rulings on August 24, 2017. (Doc. 11-3, Ex. Y.) Petitioner filed a petition for review to the Arizona Supreme Court that was summarily denied.

Petitioner filed a second and third notice of post-conviction relief, but the superior court dismissed both notices for failure to state a colorable claim, and the Arizona Court of Appeals affirmed both dismissals. (Doc. 11-3, Exs. Q-V, Z, AA.) Petitioner also filed a fourth notice of PCR, but the superior court has not yet issued a ruling. (Doc. 11-3, Ex. BB.)

### C.   Petitioner's Habeas Petition.

On January 12, 2018, Petitioner timely filed for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises six grounds for relief: (1) the presumptive 10-year sentence was disproportionate to the violation he admitted to committing; (2) Petitioner's probation was revoked "for more than was alleged in the Petition to Revoke Probation"; (3) the Petition to Revoke Probation was "an act of vindictive prosecution" by the probation officer because Petitioner had asserted his right to continue his church ministry; (4) there is insufficient evidence to support the assertion by the probation officer that Petitioner was a "high risk" to reoffend; (5) the court was biased against Petitioner during the probation-revocation proceedings because the commissioner knew the probation officer and had "his mind made up as to violating him," and (6) Petitioner did not receive a fair and impartial hearing because the court ruled against his discovery requests and "showed favor toward the State." (*Id*.) On March 7, 2018, Respondents filed a Response. (Doc. 11.) On April 9, 2018, Petitioner filed a Reply. (Doc. 15.)

### III.   THE PETITION.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### A.   Procedural Default.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See id.* at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

However, a federal court may grant a petition for writ of habeas corpus if the petitioner meets the fundamental miscarriage of justice exception. To do this, the petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011).

The court may review the merits of an argument in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524-525 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

### B.    Merits Review.

The court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S. Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as

opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

**IV.    Ground Three: Vindictive Prosecution by Probation Officer.**

Petitioner alleges the Petition to Revoke Probation was "an act of vindictive prosecution" by the probation officer because Petitioner had asserted his right to continue his church ministry. (Doc. 1 at 8.) Petitioner's claim was not waived by his admission to a probation violation. Generally, when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). But a claim of vindictive prosecution is not barred by this doctrine. *See Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (holding that petitioner's "guilty plea did not foreclose him from attacking his conviction in the Superior Court proceedings through a federal writ of habeas corpus" alleging vindictive prosecution).

Petitioner's claim is unexhausted and procedurally defaulted because he did not properly raise this claim in the Arizona Court of Appeals, without excuse. In his Petition for Review, Petitioner did not raise a claim of vindictive prosecution. (*See* Doc. 1, Attachment 3, at 53-54.)

**A.    Petitioner did not present Ground Three to the Arizona Court of Appeals.**

The Arizona Court of Appeals identified the claims that Petitioner properly brought before the court: "(1) his sentence is disproportionate to the probation violation and sentences other similarly situated defendants received; (2) judicial bias and (3) the petition

to revoke probation and subsequent sentence violated his double jeopardy rights." (Doc. 11-3, Ex. Y.) Petitioner has procedurally defaulted on his claim of vindictive prosecution by not fairly presenting it in his Petition for Review. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from returning to state court. *See also* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within 30 days of trial court's decision); *Coleman*, 501 U.S. at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

### B. Petitioner has not presented any excuse for his default.

Further, Petitioner fails to excuse the procedural default by showing cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some cause external to the defense that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted).

Here, Petitioner failed to provide an objective factor external to his defense that impeded his efforts to comply with the state's procedural rules and present all his claims before the Arizona Court of Appeals. Petitioner was aware of the facts that support his

allegation. Finally, Petitioner has not presented an argument for the fundamental miscarriage of justice exception. Therefore, Petitioner's claim in Ground Three fails because it is unexhausted and procedurally defaulted.

**V.      Grounds One and Two: Allegations of Disproportionate and Unfair Sentence.**

In Ground One, Petitioner alleges his "sentence to maximum 10-year term for first alleged violation of probation [is] disproportionate to others considering whether an actual violation took place." (Doc. 1 at 6.)[2] The Arizona Court of Appeals reviewed Petitioner's Petition for Review and found these claims failed on the merits. "The superior court correctly found Stewart offered no legal or factual basis for his claim of disproportionality. To the extent that Stewart raised a cognizable claim under Ariz. R. Crim. P. 32.1(c), the superior court correctly found Stewart's sentence was within the statutory range and was otherwise in accordance with applicable law. Stewart has offered nothing either factually or legally that would indicate any actionable disproportionality in sentencing." *State v. Stewart*, 2017 WL 3634206, at *2 (Ariz. Ct. App. 2017).

Petitioner fails to establish that the decision of the Arizona Court of Appeals was an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  Petitioner argues that "there were better ways to deal with my technical violation" than a presumptive term of imprisonment. After a hearing with witnesses and Petitioner's admission to a drug-testing violation, the trial court revoked his probation.  The court stated, in part: "You're being revoked because of your conduct throughout your probation grant indicates that you're just not going to follow the rules. You're not going to accept what probation tells you to do, and you're going to fight it and butt heads the whole way." (Doc. 11-1, Ex. E, at 115.)

Judges have wide discretion to impose a sentence and Petitioner fails to prove the Arizona Court of Appeals' decision was unreasonable. *See United States v. Garrett*, 680 F.2d 650, 652 (9th Cir. 1982) ("The matter of sentencing is within the discretion of the

---

[2] Petitioner was sentenced to the presumptive term of 10 years of imprisonment. Prior to his admission of a violation, the Court advised Petitioner that the maximum term of imprisonment was 15 years. (Doc. 11-1, Ex. E, at 100.)

sentencing judge and is generally not reversible as long as the sentence falls within the bounds set by statute."); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Petitioner's citation to *Solem v. Helm*, 463 U.S. 277, 289-90 (1983) is not persuasive because outside the context of capital punishment, successful challenges to the proportionality of particular sentences are "exceedingly rare." Here, Petitioner was sentenced to a presumptive term of imprisonment for his probation violation.  Petitioner's claim fails.

In Ground Two, Petitioner alleges it was unfair to revoke "Petitioner's probation for more than was alleged in the Petition to Revoke Probation." (Doc. 1 at 7.) Petitioner argues that he was doing well on probation and the judge "did not consider" the facts he submitted that showed he "was safe for society and no threat." (Doc. 1 at 26.) The court did not increase Petitioner's range of sentence, so the court was permitted to consider all of the facts presented during Petitioner's hearing. *See Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute."). Petitioner implicitly acknowledges the court could consider the mitigating facts he presented, which conversely allowed the court to also consider prejudicial facts related to his disposition. The court considered testimony provided at the hearing, and the statements of witnesses, the prosecution, and Petitioner. (*See* Doc. 11-1, Ex. E, at 33.) Petitioner fails to establish that the Arizona Court of Appeals' decision was unreasonable.

**VI.    Ground Four: Insufficient Evidence.**

In Ground Four, Petitioner alleges there is insufficient evidence to support the assertion by the probation officer that he was a "high risk" to reoffend. (Doc 1. at 9.) The Arizona Court of Appeals found that this claim failed on the merits. *Stewart*, 2017 WL 3634206, at *2. In his Reply, Petitioner contends that his probation officer was "allowed to call petitioner a 'high risk' without just cause." (Doc. 15 at 20.) Further, Petitioner

maintains that the list of allegations the probation officer provided were mere "fodder" and were not proven in court. (*Id.*) However, the State provided the court with a Probation Violation Report that summarized the numerous violations he committed. (Doc. 11-1, Ex. D.) Only after the State presented evidence in the probation-revocation hearing did Petitioner decide to admit to violating one of the terms of his probation. (Doc. 11-1, Ex. E, at 99.)

Petitioner admitted to violating his probation and the State presented evidence of additional violations. "[T]he decision to revoke probation typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of the probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Black v. Romano*, 471 U.S. 606, 611 (1985). Further, a reviewing court is not required to "second-guess the factfinder's discretionary decision as to the appropriate sanction." *Id.* at 613.

Here, Petitioner met the first component when he admitted to the probation violation. As noted above, the court imposed a presumptive term of imprisonment because it found Petitioner would not follow the rules of probation. (Doc. 11-1, Ex. E, at 115.) The court was not required to find that Petitioner was a "high-risk" to reoffend, but was allowed to consider the facts presented at the hearing prior to imposing a sentence. *See Apprendi*, 530 U.S. at 481.

**VII.   Grounds Five and Six: Judicial Bias.**

In Ground Five, Petitioner alleges the court was biased against Petitioner during the probation-revocation proceedings because the commissioner knew the probation officer and had "his mind made up as to violating him." (Doc. 1 at 10.) In Ground Six, Petitioner alleges he did not receive a fair and impartial hearing because the court ruled against his discovery requests and "showed favor toward the State." (*Id.* at 11.)

The Arizona Court of Appeals found that "Stewart has offered no evidence supporting his judicial bias claim, other than his own arguments. A review of the record indicates that this issue was raised in a motion for change of judge and was found to lack

- 10 -

merit." *Stewart*, 2017 WL 3634206, at \*2.

In order to succeed on a judicial bias claim on federal habeas review, Petitioner must overcome a "strong presumption that a judge is not biased or prejudiced." *Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011). This Court has held that allegations of judicial bias, based solely on the judge's legal rulings and in-court comments, do not overcome this presumption of judicial integrity. *Gonzales v. Ryan*, 2015 WL 4755068, at \*14 (D. Ariz. 2015). Petitioner offers nothing more than his assertions regarding the court's rulings and comments during his revocation hearing. The trial court's decision to sentence Petitioner to a 10-year term of imprisonment for the probation violation was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Petitioner's claim in Ground Five fails because the Petitioner's conclusory allegation that the commissioner's "harsh comments" demonstrated judicial bias is insufficient to demonstrate actual bias.

In Ground Six, Petitioner claims he was not given a fair and impartial hearing. (Doc. 1 at 11.)[3] A federal court "must ask whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Sanchez v. Ryan*, 2013 WL 6076155 at \*6 (D. Ariz. 2013) (quoting *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995)). "To sustain a claim of this kind, there must be an 'extremely high level of interference' by the trial judge which creates a 'pervasive climate of partiality and unfairness.'" *Duckett*, 67 F.3d at 740. Here, the record does not indicate that the trial court's conduct at the probation-revocation proceeding violated Petitioner's federal due process rights. Accordingly, Petitioner's Ground Six claim fails.

**CONCLUSION**

Based on the above analysis, the Court finds that Petitioner's claims fail. Therefore,

---

[3] Petitioner repeatedly argues that the court unfairly considered his "First Amendment Right to found a church" or be involved in church-related activities. (Doc. 15 at 22.) But the allegation of the probation department was not that he was attending church. The concern was that he was "running a church" and "soliciting community donations," and thus "associating with individuals who have criminal records without the permission of the Adult Probation Department and violating sex offender treatment rules." (Doc. 11-1, Ex. D, at 28.)

- 11 -

the Court will recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of June, 2018.

Honorable John Z. Boyle
United States Magistrate Judge

- 12 -