1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz Kn Stewart,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-18-00247-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner Jenghiz Kn Stewart's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R"), which recommends that the Court deny the Petition. (Doc. 16). Stewart timely filed objections to the R&R. (Doc. 17). For the following reasons, the Court denies the Petition and accepts the R&R.

## BACKGROUND

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background set forth therein. (Doc. 16 at 2-3).

Magistrate Judge Boyle recommends that Stewart's petition be denied and dismissed with prejudice. (Doc. 16 at 16). Stewart timely objects to three of the Magistrate Judge's conclusions. (Doc. 17). He argues that Ground Three is not procedurally defaulted. (*Id.* at 7). He also argues that the Magistrate Judge incorrectly determined that Grounds One and Two lack merit. (*Id.* at 15). Because the R&R correctly analyzed Stewart's claims, his petition for habeas corpus will be denied.

/ / /

**STANDARD OF REVIEW**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DISCUSSION**

**I. Procedural Bar and Exhaustion of State Remedies**

Stewart initially argues that the Magistrate Judge incorrectly determined that Ground Three of his petition, the vindictive prosecution claim, was procedurally defaulted. (Doc. 17 at 11–12).

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq*. For a state prisoner to obtain review of his federal claims in federal court, he must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2004) (citations omitted). In Arizona, for non-capital cases, a petitioner does not

exhaust a claim for purposes of federal review unless he has presented it to the Arizona Court of Appeals. *Id.* at 998.

Procedural default occurs when a petitioner has not exhausted a federal habeas claim by first presenting the claim in state court and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). If a state court properly applies a state procedural bar during post-conviction proceedings that prevents the state court from considering the merits, those claims are also procedurally defaulted. *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice." *Reed v. Ross*, 468 U.S. 1, 11 (1984). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the claim in state court. *Davila v. Davis*, 137 S. Ct. at 2065 (internal citations and quotations omitted); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1992) (internal quotation omitted).

### A. State Court Post-Conviction Relief Proceedings

In July of 2016, Stewart filed a petition for post-conviction relief in Maricopa County Superior Court. (Doc. 11, Ex. K). There he alleged five separate grounds for relief, including that his sentence was disproportionally long, that the conviction lacked evidence, and that the court was biased against him. (Doc. 11 Ex. N. at 1). On appeal, the Arizona Court of Appeals grouped the five separate grounds into these three general categories. At no point during these appeals did either court address a claim of vindictive prosecution.

In his petition before this Court, Stewart alleges that the Petition to Revoke Probation was "an act of vindictive prosecution" by his probation officer, because Stewart had asserted a right to continue in his church ministry.[1] While Stewart points to evidence

---

[1] As Magistrate Judge Boyle correctly notes, Stewart's probation officer was not prohibiting him from continuing to attend church. Rather, his probation officer was concerned that he was "running a church," "soliciting community donations," and through this arrangement he was "associating with individuals who have criminal records without the permission of the Adult Probation Department and violating sex offender treatment rules." (Doc. 11-1, Ex. D, at 28).

in his post-conviction relief petitions that argues that he was treated unfairly, (Doc. 17 at 4), he did not present "both the operative facts and the federal legal theory" to support his claim. *Castillo*, 399 F.3d at 999. In his objections to the R&R, Stewart even acknowledges that his claim for vindictive relief was "not enumerated within those petitions." (Doc. 17 at 7). Because Stewart failed to present this claim to the Arizona Court of Appeals, it is procedurally defaulted. *See Castillo*, 399 F.3d at 998.

**B.      Petitioner Has Not Presented Cause to Excuse His Procedural Default**

Stewart fails to demonstrate cause that would forgive his procedural default. He does not point to any outside factors "external to [his] defense" that impeded him from presenting his claim to the Arizona Court of Appeals. *See Davila*, 137 S.Ct. at 2064. Stewart possessed all of the relevant facts when he presented his post-conviction relief petition in state court but failed to allege his claim of vindictive prosecution. The Court cannot therefore proceed to the merits of his vindictive prosecution claim.

**II.     Merits Review of Remaining Claims**

As for the merits review, Stewart only objects to the Magistrate Judge's conclusions as to Grounds One and Two (Doc. 17 at 15), but not for Grounds Four, Five or Six. Magistrate Judge Boyle found that none of Stewart's remaining claims entitled him to relief. (Doc. 16 at 16). Because Stewart objected Magistrate Judge Boyle's conclusions as to Grounds One and Two only, the Court's *de novo* review is limited to those counts.

When reviewing habeas claims, a federal court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citations and quotations omitted). Review of a prior

state court decision under § 2254(d)(1) by a federal court is limited to the record "before the state court that adjudicated the claim on the merits." *Id*. "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015).

### A. Disproportionate and Unfair Sentence

In his petition, Stewart argues that his sentence was disproportionate when considering the actual probation violations he committed, and that his sentence was also generally unfair in light of those violations. To prevail, Stewart must establish either that the Court of Appeals decision was unreasonable considering clearly established Supreme Court precedent, or that the decision rested upon an unreasonable determination of the facts.

Generally, outside of the capital context, "successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). And even without the benefit of AEDPA's deferential standard of review, trial courts typically have broad discretion in sentencing so long as they impose sentences within the bounds of the statute. *See*, *e.g.*, *United States v. Garrett*, 680 F.2d 650, 652 (9th Cir. 1982) ("The matter of sentencing is within the discretion of the sentencing judge and is generally not reversible as long as the sentence falls within the bounds set by statute."); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). The sentence that was imposed here was the presumptive sentence under the statute, and the Court considered the evidence presented concerning it that included Stewart's own testimony about the severity of his actions. (Doc. 11-1 Ex. D). Stewart fails to demonstrate that the Arizona Court of Appeals decision to uphold his sentence involved an unreasonable application of Supreme Court precedent as to the proportionality or fairness of his sentence.

///

**CONCLUSION**

Magistrate Judge Boyle correctly determined that Stewart's vindictive prosecution claim was procedurally barred, and that his remaining claims failed on the merits. Therefore,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 16) is adopted.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that the request for a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 1st day of March, 2019.

_____
G. Murray Snow
Chief United States District Judge